IN RE APPEAL OF L. T. PECK, A. F. JUDD, A. PERRY AND J. A. THOMPSON.

APPEAL FROM THE AUDITOR.

SUBMITTED AUGUST 27, 1908.                 DECIDED SEPTEMBER 8, 1908

HARTWELL, C.J., WILDER AND BALLOU, JJ.

OFFICERS—*employees.*

> A clerk of court who made typewritten copies of the report of the tax commission working out of office hours is not an officer or employee of the Territory within the meaning of the appropriation bills.

OPINION OF THE COURT BY WILDER, J.

This is an appeal from a ruling of the auditor refusing to issue a warrant in favor of J. A. Thompson for making typewritten copies of the report of the tax commission.

Thompson is a clerk of the court drawing a salary of more than $100 a month under Act 126 S. L., 1907, entitled "An Act providing for salaries and pay of employees of the Territory." On June 26, 1908, he entered into a contract with the tax commission to make and deliver not later than June 30, 1908, typewritten copies of its report, it being agreed that the work should be done at night and on an intervening Sunday, and that he be paid for the work at the regular rates, which in this case amounted to $60.40. Thompson complied with his

part of the contract to the satisfaction of the members of the tax commission.

The auditor refused to issue a warrant for the work done in view of Sec. 3 of Act 126 referred to which reads as follows: "No officer or other employee of the Territory holding more than one office or employment shall be authorized to draw more than the salary of the highest grade of the office or employment held by him, provided the aggregate salaries to any one person shall not exceed one hundred dollars per month; and he shall be entitled to no other or further compensation."

The expenses of the tax commission were provided for in Act 127 S. L. 1907, entitled "An Act making appropriations for the departmental use of the Territory," and which did not contain the provision in the other act which has been referred to.

It is clear, and conceded, that Thompson, by virtue of being a clerk of the court, is an officer of the Territory, and it is equally clear that doing the work in question for the tax commission did not make him hold more than one office. The question then is, did Thompson, by virtue of his contract with the tax commission, become an employee of the Territory or hold an employment within the meaning of the statute referred to.

A common and ordinary meaning of the word "employee" is one who works for a salary or wages under directions. See 15 Cyc. 1032; Century Dictionary. We think this is the sense in which it is used in the appropriation bill. It also involves the idea of continuity of service and excludes that of being engaged for a special or single transaction. As was said by the U. S. Supreme Court in *Louisville etc., Railroad Co. v. Wilson,* 138 U. S. 501, 505, "the terms 'officers' and 'employees' both, alike, refer to those in regular and continual service. Within the ordinary acceptation of the terms, one who is engaged to render service in a particular transaction is neither an officer nor an employee. They imply continuity of service and exclude those employed for a special and single transaction. An attor-

ney of an individual, retained for a single suit, is not his employee. It is true, he has engaged to render services; but his engagement is rather that of a contractor than that of an employee."

The contention of the auditor if upheld would lead to results not contemplated by the statute. For instance, an attorney could not be engaged by the attorney general and paid out of the incidental fund of his department in more than one case a month if the bill for services was over $100, nor could any one do work for the Territory of the kind here, namely, typewriting, if it should cost more than $100 in one month.

The auditor is directed to issue the warrant in question.

*A. Perry* and *A. F. Judd* for appellants.

*C. R. Hemenway, Attorney General,* for Auditor.