# IN THE MATTER OF THE TAX APPEAL OF VINCENT GUNTZER.

### No. 4885.

MAY 19, 1970.

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON, JJ., AND CIRCUIT JUDGE OGATA FOR KOBAYASHI, J., DISQUALIFIED.

## OPINION OF THE COURT BY RICHARDSON, C.J.

In this case, taxpayer Vincent Guntzer appeals from a decision of the Tax Appeal Court which held that his gross income from commissions earned as a trustee in bankruptcy was taxable under the General Excise Tax Law, HRS Chapter 237 (then Chapter 117 R.L.H. 1955). Appellant raises two points on this appeal. First, he claims that he is not a "person" "doing business" within the meaning of Chapter 237. Second, he contends that it is constitutionally impermissible to tax a trustee in bankruptcy, since the trustee is an instrumentality of the federal government. We find against the taxpayer on both issues and affirm the decision of the Tax Appeal Court.

# I

Clearly, taxpayer is a "person" within the meaning of the statute. HRS § 237-1 states that "person" includes "every individual . . . trustee . . . or other entity, whether such persons are doing business for themselves or in a fiduciary capacity. . . ." The statute includes trustees as taxable "persons", but in this case, taxpayer is not being taxed as a trustee, but as an individual engaged in business for himself, in the business of being a trustee in bankruptcy, just as another individual might be engaged in the business of being a contractor, or a lawyer, or a plumber.

Furthermore, we hold that, at least for the four years here sought to be taxed, when taxpayer was earning his livelihood as a trustee in bankruptcy, he was engaged in a service, activity, business, trade, occupation or calling within the meaning of the statute. Either HRS § 237-13(6), or alternatively HRS § 237-13(9) will cover his activities. HRS § 237-13(6) covers

> every person engaging or continuing within the State in any service business or calling not otherwise specifically taxed under this chapter.

Taxpayer himself, in his brief, refers to his activities as services rendered. HRS § 237-13(9) covers

> every person engaging or continuing within the State in any business, trade, activity, occupation, or calling not included in the preceding paragraphs.

Whichever of these two provisions covers taxpayer, the result is the same, since the tax rate is the same under both.

Taxpayer contends that he is not "engaged in business" because he is merely liquidating the assets of bankrupts, not carrying on their businesses. This misses the point. It is not the business of the bankrupt that is relevant here,

but the business of the taxpayer, and the business of the taxpayer during the taxable years in question was the occupation, trade, or calling of being a bankruptcy trustee. Taxpayer therefore comes within the provisions of Chapter 237 and he is subject to the tax.

## II

The taxpayer is not exempt from this tax as a federal instrumentality.

Taxpayer is not exempt from this general excise tax, which is a tax levied upon his gross income arising from his business, any more than he would be exempt from the state's personal income tax. For the purpose of determining whether the taxpayer is constitutionally exempted, the two kinds of taxes are the same.

A like constitutional objection, in the personal income tax context, was heard by the United States Supreme Court in *Graves* v. *New York ex rel O'Keefe*, 306 U.S. 466, 480 (1938). There, the taxpayer was an employee of the Home Owners Loan Corporation, an agency of the federal government. The Court held that the state's personal income tax was validly imposed upon the taxpayer notwithstanding the fact that he was working for a federal agency. We quote at length from that decision to make clear its import and its relevance in this case.

The present tax is a non-discriminatory tax on income applied to salaries at a specified rate. It is not in form or substance a tax upon the Home Owners Loan Corporation or its property or income, nor is it paid by the corporation or the government from their funds. It is measured by income which becomes the property of the taxpayer when received as compensation for his services; and the tax laid upon the privilege of receiving it is paid from his private funds and not from the funds of the government, either directly

or indirectly. . . . [T]he only possible basis for implying a constitutional immunity from state income tax of the salary of an employee of the national government or of a governmental agency is that the economic burden of the tax is in some way passed on so as to impose a burden on the national government tantamount to an interference by one government with the other in the performance of its functions.

*       *       *       *       *

. . . [A]s applied to the taxation of the salaries of the employees of one government, the purpose of the immunity was not to confer benefits on the employees by relieving them from contributing their share of the financial support of the other government whose benefits they enjoy, or to give an advantage to a government by enabling it to engage employees at salaries lower than those paid for like services by other employers, public or private, but to prevent undue interference with the one government by imposing on it the tax burdens of the other.

*       *       *       *       *

. . . All the reasons for refusing to imply a constitutional prohibition of federal income taxation of salaries of state employees, stated at length in the Gerhardt case (*Helvering* v. *Gerhardt,* 304 U.S. 405 (1938)) are of equal force when immunity is claimed from state income tax on salaries paid by the national government or its agencies. In this respect we perceive no basis for a difference in result whether the taxed income be salary or some other form of compensation, or whether the taxpayer be an employee or an officer of either a state of the national government, or of its instrumentalities. In no case is there basis for the assumption that any such tangible or certain economic burden is imposed on the government con-

cerned as would justify a court's declaring that the taxpayer is clothed with the implied constitutional tax immunity of the government by which he is employed.

Although the Supreme Court was dealing with a state personal income tax on salaries of federal employees, the same reasoning applies to taxes like the present general excise tax on the commissions earned by this taxpayer. In no way does this tax retard, impede, burden, or control the operation of the federal bankruptcy law.

Affirmed.

*Hiroshi Sakai* for taxpayer-appellant.

*Tany S. Hong* and *T. Bruce Honda,* Deputy Attorneys General (*Bertram T. Kanbara,* Attorney General, with them on the brief), for director of taxation.