# C. DUDLEY PRATT, Plaintiff-Appellee, *v*. RALPH W. KONDO, Director of Taxation, Defendant-Appellant

### No. 5086

April 12, 1972

RICHARDSON, C.J., ABE, LEVINSON, JJ.,
HAWKINS, CIRCUIT JUDGE, FOR MARUMOTO, J.,
DISQUALIFIED, AND LUM, CIRCUIT JUDGE,
FOR KOBAYASHI; J., DISQUALIFIED

OPINION OF THE COURT BY RICHARDSON, C.J.

During the period 1961 through 1967,[1] taxpayer, a licensed attorney, served as trustee for four private trusts, as executor for six decedents' estates and as director of four corporations. Under the provisions of chapter 117,

---

[1]The judgment in the circuit court covered the years 1961 through 1965. The parties have by stipulation enlarged the period in question.

R.L.H. 1955, presently HRS chapter 237, the Director of Taxation assessed a four percent general excise tax on the gross income received by taxpayer in his capacity as trustee, executor and corporate director. Taxpayer paid the assessed tax under protest, then instituted an action to recover the amount of the tax in the circuit court. The Director appeals from a judgment for the taxpayer taking the position that the tax is due and owing under chapter 237.

Read as a whole, HRS § 237-13 subjects to the general excise tax virtually every economic activity imaginable. The statute enumerates specific business activities and imposes a tax on each activity at rates varying from one half of one percent to four percent of "gross income."[2]

The portion of HRS § 237-13 relevant to the case at bar are, we think, subsections (6), (8) and (9). Subsection (6) of HRS § 237-13 imposes "[u]pon every person engaging or continuing within the State in any service business or calling not otherwise specifically taxed under this chapter . . . a tax equal to four percent of the gross income of any such business." The term "service business or calling," as defined in HRS § 237-7 "includes all nonprofessional activities engaged in for other persons for a consideration which involve the rendering of a service . . . ." Subsection (8) of HRS § 237-13 imposes "[u]pon every person engaging or continuing within the State in the practice of a profession . . . a tax equal to four percent of the gross income . . . ." Subsection (9) of HRS § 237-13, the catchall provision, imposes "[u]pon every person engaging or continuing within the State in any business, trade, activity, occupation, or calling not included

---

[2]For the purpose of HRS chapter 237, the term "gross income" is defined by HRS § 237-3 to mean "the gross receipts, cash or accrued, of the taxpayer received as compensation for personal services and the gross receipts of the taxpayer derived from trade, business, commerce, or sales and the value proceeding or accruing from the sale of tangible personal property, or service, or both, and all receipts, actual or accrued as hereinafter provided, by reason of the investment of the capital of the business engaged in, including interest, discount, rentals, royalties, fees, or other emoluments however designated and without any deductions on account of the cost of property sold, the cost of materials used, labor cost, taxes, royalties, interest, or discount paid or any other expenses whatsoever."

in the preceding paragraphs . . . a tax equal to four percent of the gross income . . . ." For tax assessing purposes, then, subsections (6) and (8) of HRS § 237-13 are nonfunctional[3] within the general scheme of the statute in the sense that they simply enumerate activities which are taxable at the same rate as provided in the catchall subsection. In other words, had these two subsections not been included in the statute, the result, a tax at the rate of four percent of gross income, would have been the same. We have recently had occasion to examine the inter-relationship of the subsections of HRS § 237-13 in *In re Taxes, Guntzer*, 52 Haw. 56, 57, 469 P.2d 814, 815 (1970). There we said of subsections (6) and (9): "Whichever of these two provisions covers taxpayer, the result is the same, since the tax rate is the same under both." In the case at bar, the mutually exclusive and inter-locking subsections (6), (8) and (9) of HRS § 237-13, when read together, clearly impose a general excise tax of four percent upon the economic activities in question. Accordingly, we need not consider, whether, for instance, the trustee, executor and corporate directors' fees are taxable at the rate of four percent as being gross income from the practice of a "profession" from a "service business or calling" or from an "activity . . . not included in the preceding para-graphs."

We think the Director has shown a pattern of conduct which constitutes an "engaging or continuing": The term "engaging", as defined in HRS § 237-2, "includes all activities . . . engaged in with the object of economic gain or economic benefit . . . but does not include casual sales." Taxpayer rendered services and accepted in return a normal

---

[3]Such subsections, although nonfunctional for the purpose of assessing a tax are functional in that they define business activities which the legislature may, from time to time, subject to rates of taxation other than that of the catchall provision. *See* Wright v. Borthwick, 34 Haw. 245 (1937) where this court had occasion to consider the scope of the predecessor of HRS § 237-13(8), inasmuch as the rate of tax on the practice of professions was at that time lower than the generally prevailing rate.

and usual compensation for such services. It is asserted on behalf of taxpayer that the services were rendered to accommodate friends, and, therefore, "economic gain or benefit" was not the "object" of the rendering of the services [4] The word "object" must be construed, however, to effectuate the purpose of the taxing statute. If taxation under HRS chapter 237 were to turn upon the pivotal issue of the taxpayer's subjective state of mind, then the burdens of taxation might fall in a most whimsical manner. A wealthy taxpayer who performed services and collected compensation therefor might be able to escape taxation by convincing a court that his only reason for so engaging was to combat ennui. At the same time, his competitor of moderate means would most likely be found to have engaged for more mundane reasons and thus be subject to taxation. We do not think that the meaning of the words "engaged in with the object of economic gain or benefit" turn upon such considerations as whether the taxpayer solicited[5] the income generating relationship, whether here exists a generally recognized market for the service rendered, whether the income received was necessary for the taxpayer's livelihood, or whether the primary purpose for rendering the services was to accommodate friends.

We do not think that the activities in question are so isolated or unconnected as to constitute "casual" transactions. When considered in the matrix of taxpayer's other income generating activities, the activities in question clearly cannot be considered "casual" in nature. Whether the activities in question, considered alone, would have con-

---

[4]Had taxpayer been a carpenter who repaired a friend's house and who received in return a sum of money equivalent to the cost of materials and other supplies expended, the question of whether the object of the activity was "economic gain or benefit" would have to be resolved in favor of the taxpayer.

[5]If the applicability of HRS § 237-13(8) which imposes a tax on the practice of professions were to turn on the question of whether taxpayer solicited the income generating relationship, the ethical considerations which prevent the solicitation of clients by professionals would seem to also raise a bar to taxation under that section. Assuming, arguendo, that we could find language in chapter 237 indicating that the question of solicitation were relevant, we would be most hesitant to use such language to impliedly repeal a tax levied on professionals.

stituted an "engaging" is a question we do not decide. Such a determination is a mixed question of law and fact involving many considerations, such as the size, number and frequency of transactions. We would not think, for instance, that a house painter who serves as executor of one or perhaps two small estates over a period of years has "engaged" in the business of settling estates. On the other hand, a person who settles one substantial estate could be found to have "engaged" in such a business.

We do not think that the directors' fees received by taxpayer are exempt from taxation under HRS § 237-24(6) which exempts "[a]mounts received as salaries or wages rendered by an employee to an employer." We do not think that taxpayer was an employee within the meaning of HRS § 237-24(6). He performed his duties without supervision. *See Tomondong v. Ikezaki*, 32 Haw. 373, 378-79 (1932). Further, his services were rendered from time to time instead of continuously. *See In re Peck*, 19 Haw. 181, 182 (1908).

We find no inconsistency or due process infirmity in imposing a general excise tax on both the income of the corporation and the compensation of the corporate director. Those who choose to do business in corporate form as opposed to a partnership or sole proprietorship form receive certain preferential treatment under the law because of their choice. At the same time, those who choose the benefits which result from doing business in corporate form should accept the disadvantages which also result. "Where a taxpayer resorts to a particular form to gain some specific tax advantage for himself he is held to abide by the form." *In re Taxes, Ulupalakua Ranch*, 52 Haw. 557, 560-61, 481 P.2d 612, 614 (1971). The same holds true, we think, where the advantage sought by taxpayer in choice of a form is other than a tax advantage.

Reversed.

*Johnson H. Wong*, Deputy Attorney General (*George Pai*, Attorney General with him on the briefs) for appellant.

*Gary L. Wixom* (*Bortz Case Stack Kay Cronin & Clause* of counsel) for appellee.